UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARCUS WRIGHT,

                    Plaintiff,

          -against-

BRONX CRIMINAL COURT; DEPARTMENT
OF CORRECTIONS; WARDEN; BRONX
LEGAL AID SOCIETY; BRONX RYER AVE
PRECINCT; SUSAN LAURIE GANS;
MICHAEL FINEMAN,

                    Defendants.

24-CV-7923 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

          Plaintiff, who currently is detained at the Rose M. Singer Center on Rikers Island, brings

this action, *pro se*, under 42 U.S.C. § 1983, alleging that Defendants violated her federal

constitutional rights.[1] Named as Defendants are the Bronx Criminal Court, the New York City

Department of Correction ("DOC"), "Warden," the Bronx Legal Aid Society, the Bronx Ryer

Avenue Precinct of the New York City Police Department ("NYPD"), Legal Aid Society

attorney Susan Laurie Gans, and "ATB Attorney" Michael Fineman. By order dated November

25, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is,

without prepayment of fees.[2] For the reasons set forth below, the Court dismisses the complaint,

but grants Plaintiff 30 days' leave to replead her claims in an amended complaint.

---

[1] Public records maintained by the New York City Department of Correction identify
Plaintiff as a female.

[2] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1). Plaintiff submitted the complaint
without the filing fees or an IFP application and prisoner authorization. By order dated October
24, 2024, the Court directed Plaintiff to cure this deficiency. (ECF 3.) The court received
Plaintiff's prisoner authorization and IFP application on November 13, 2024.

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating

2

legal conclusions from well-pleaded factual allegations, the Court must determine whether those

facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff states that the events giving rise to her claims occurred at the "Ryer Ave

precinct, RMSC, [and] bx criminal court" between April 19, 2024, and August 6, 2024. (ECF 1,

at 4.)[3] Plaintiff alleges,

> I was arrested unlawfully at a laundromat near my place of residence @ 170 st in
> the Bronx by Ryer Ave precinct police officers for a false statement where it
> claimed I was stealing laundry on 4/16/24. My case in the Bx was dismissed
> 8/6/24 + my lawyer Susan Laurie Gains never got me my property receipt from
> the Ryer Ave precinct with the arresting officer(s) name or information with my
> properties location. Since being held at Rikers Island DOC social
> services/discharge planning or my current lawyer has not retrieved my Bx Bronx
> dismissed case docket # on the alleged petit larceny which was dismissed. Nor
> was able to locate the case on webcrims nor has my current lawyer Michael
> Fineman helped me retrieve this information.

(*Id.*)

Plaintiff seeks $100,000 in damages.

## DISCUSSION

**A.    Claims against the Bronx Criminal Court**

"[A]s a general rule, state governments may not be sued in federal court unless they have

waived their Eleventh Amendment immunity, or unless Congress has abrogated the states'

Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009).

"The immunity recognized by the Eleventh Amendment extends beyond the states themselves to

state agents and state instrumentalities that are, effectively, arms of a state." *Id*. Furthermore,

"the New York State Unified Court System is unquestionably an 'arm of the State,' and is

---

[3] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation
are as in the original unless otherwise indicated.

entitled to Eleventh Amendment sovereign immunity." *Id.* at 368 (citation omitted); *see Brown v. Astoria Fed. Sav. & Loan Ass'n*, 444 F. App'x 504 n.1 (2d Cir. 2011) (summary order) (claims against New York Supreme Court barred by the Eleventh Amendment (citing *Gollomp*, 568 F.3d at 368)).

New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting Section 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). The Bronx Criminal Court – a part of the New York State Unified Court System – is therefore entitled to Eleventh Amendment immunity. The Court dismisses Plaintiff's claims against the Bronx Criminal Court as barred by the Eleventh Amendment. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

**B.      Claims against the Department of Correction and Ryer Avenue Precinct**

Plaintiff's claims against the DOC and the NYPD's Ryer Avenue Precinct must be dismissed. Both entities are considered agencies of the City of New York, which are not entities that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

Even if the Court were to construe Plaintiff's Section 1983 claims against the NYPD and DOC as being asserted against the City of New York, those claims would still fail. When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v.*

4

*Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable

under . . . section [1983] if the governmental body itself 'subjects' a person to a deprivation of

rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of*

*Soc. Servs.,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011).

In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege

facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy,

custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town*

*of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown,* 520 U.S. 397,

403 (1997) (internal citations omitted). Here, nothing in the complaint suggests that the City of

New York has a policy, practice, or custom that has caused a violation of Plaintiff's federal

constitutional rights.

In light of Plaintiff's *pro se* status, the Court grants her leave to replead her claims

against the City of New York in an amended complaint.

**C.      Claims against "Warden"**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the

defendants' direct and personal involvement in the alleged constitutional deprivation. *See*

*Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in

this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a

prerequisite to an award of damages under § 1983." (internal quotation marks omitted)). A

defendant may not be held liable under Section 1983 solely because that defendant employs or

supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676

(2009) ("Government officials may not be held liable for the unconstitutional conduct of their

subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable

under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional

violation directly against the official[.]" *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir.

2020).

Plaintiff does not allege any facts showing how the Warden, presumably the Warden of

the Rose M. Singer Center, was personally involved in the events underlying her claims.

Plaintiff's claims against this defendant are therefore dismissed for failure to state a claim on

which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

If Plaintiff has any facts suggesting that the Warden was personally and directly involved

in violating her federal constitutional rights, she may replead her claims against the Warden in an

amended complaint.

## D.    Private Defendants

A claim for relief under section 1983 must allege facts showing that each defendant acted

under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983.

Private parties therefore generally are not liable under the statute. *Sykes v. Bank of Am.*, 723 F.3d

399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531

U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002)

("[T]he United States Constitution regulates only the Government, not private parties."). Absent

special circumstances suggesting concerted action between an attorney and a state representative,

*see Nicholas v. Goord*, 430 F.3d 652, 656 n.7 (2d Cir. 2005) (citing *Adickes v. S.H. Kress & Co.*,

398 U.S. 144, 152 (1970)), the representation of a defendant by private counsel in state criminal

proceedings does not constitute the degree of state involvement or interference necessary to

establish a claim under Section 1983, regardless of whether that attorney is privately retained,

court-appointed, or employed as a public defender. *See Bourdon v. Loughren*, 386 F.3d 88, 90

(2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981)); *see also Schnabel v.*

*Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (holding that legal aid organization ordinarily is not a

state actor for purposes of § 1983). As Defendants Bronx Legal Aid Society, and attorneys Gans and Fineman are private parties who are not alleged to work for any state or other government body, Plaintiff has not stated a claim against these defendants under Section 1983.

### E.    State Law Claims

To the extent Plaintiff seeks to assert claims of legal malpractice against Gans and Fineman, such claims arise under state law. Plaintiff, however, has not alleged facts demonstrating that the Court has diversity of citizenship jurisdiction to consider any state law claims. To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Here, Plaintiff states that she is currently detained on Rikers Island, in the State of New York, but she does not allege where she was domiciled prior to her detention. *See Blumatte v. Quinn*, 521 F. Supp. 2d 308, 312 n.3 (S.D.N.Y. 2007) (there is a rebuttable presumption that a prisoner retains her pre-incarceration domicile). While Plaintiff alleges that Gans and Fineman are located in the State of New York, she does not allege the residential address (or any street address) for either of these defendants. Plaintiff therefore does not plead sufficient facts to demonstrate that these defendants are citizens of any specific states. Moreover, although Plaintiff seeks $100,000 in damages, it is unclear from the facts alleged in the complaint that any legal malpractice claims are worth more than the $75,000 jurisdictional minimum.

In light of Plaintiff's *pro se* status, the Court grants her leave to replead her state law claims against Gans and Fineman in an amended complaint alleging facts demonstrating that the Court has diversity of citizenship jurisdiction of those claims.

**F.      Supplemental Jurisdiction**

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

The Court has granted Plaintiff leave to file an amended complaint, including leave to allege facts demonstrating the Court has diversity jurisdiction of Plaintiff's state law claims. If Plaintiff files an amended complaint that states a viable federal claim, but does not allege facts demonstrating that the Court has diversity jurisdiction of her state law claims, the Court will determine at a later stage whether or not to exercise supplemental jurisdiction over any state law claims Plaintiff may be asserting.

**LEAVE TO AMEND GRANTED**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its

defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a viable claim, the Court grants Plaintiff 30 days' leave to amend her complaint to allege facts demonstrating that the Court has diversity of citizenship jurisdiction of her state law claims against Gans and Fineman, and facts suggesting a viable constitutional claim against the City of New York and the Warden of the Rose M. Singer Center.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

### CONCLUSION

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for failure to state a claim on which relief may be granted and as barred by the Eleventh Amendment, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), (iii), with 30 days' leave to replead.

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. See 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil

judgment is entered.

SO ORDERED.

Dated:    January 6, 2025
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                    Chief United States District Judge