UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARCUS WRIGHT,

Plaintiff,

-against-

BRONX CRIMINAL COURT; DEPARTMENT
OF CORRECTIONS; WARDEN; BRONX
LEGAL AID SOCIETY; BRONX RYER AVE
PRECINCT; SUSAN LAURIE GANS;
MICHAEL FINEMAN,

Defendants.

24-CV-7923 (LTS)

SECOND ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is detained at the Rose M. Singer Center ("RMSC") on Rikers Island, is

proceeding *pro se* and *in forma pauperis* ("IFP"). Plaintiff filed this complaint under 42 U.S.C.

§ 1983, alleging that Defendants violated her constitutional rights.[1] By order dated January 6,

2025, the Court dismissed the complaint, but granted Plaintiff 30 days' leave to replead her

claims in an amended complaint that addresses the deficiencies in her original pleading.[2] The

Court received Plaintiff's amended complaint on April 3, 2024, and the Court has reviewed it.

The action is dismissed for the reasons set forth below.

## BACKGROUND

In the original complaint, Plaintiff named as Defendants the Bronx Criminal Court, the

New York City Department of Correction ("DOC"), the Warden of RMSC, the Bronx Legal Aid

Society, the Bronx Ryer Avenue Precinct of the New York City Police Department ("NYPD"),

---

[1] Public records maintained by the New York City Department of Correction identify
Plaintiff as a female.

[2] By order dated March 31, 2025, the Court granted Plaintiff's request for an extension of
time to file an amended complaint. (ECF 13.)

Legal Aid Society attorney Susan Laurie Gans, and "ATB Attorney" Michael Fineman. Plaintiff alleged that she was arrested for stealing laundry based on a "false statement," and that her lawyers never got a "property receipt" or assisted her with obtaining information on her "Bronx dismissed case docket # on the alleged petit larceny which was dismissed." (ECF 1, at 4.)

In its January 6, 2025 order of dismissal, the Court: (1) dismissed Plaintiff's claims against the Bronx Criminal Court as barred by the Eleventh Amendment; (2) dismissed her claims against DOC and the NYPD's Ryer Avenue Precinct because New York City agencies cannot be sued in their own names, and, to the extent Plaintiff's claims could be construed as asserted against the City of New York, the Court determined that nothing in the complaint suggested the City had a police, practice, or custom that violated Plaintiff's rights; (3) dismissed Plaintiff's claims against the Warden for lack of personal involvement; (4) dismissed her claims against Bronx Legal Aid Society and attorneys Gans and Fineman because private actors cannot be held liable under Section 1983; (5) held that the Court lacked diversity of citizenship jurisdiction of any state law malpractice claims Plaintiff was asserting; and (6) declined to exercise supplemental jurisdiction of her state law claims. (ECF 9.)

The Court granted Plaintiff leave to file an amended complaint in which alleges facts demonstrating that the Court has diversity jurisdiction of her state law claims against Gans and Fineman, and facts suggesting a viable constitutional claim against the City of New York and the Warden of the RMSC.

In her amended complaint, Plaintiff names the same defendants as she did in the original complaint, including those defendants against whom her claims were dismissed and with respect to which she was not granted leave to replead. The allegations in the amended complaint are essentially the same as those in the original complaint. Plaintiff was "arrested unlawfully" at a

laundromat because the owner said she "stole his jacket." (ECF 14, at 4.) Plaintiff also states that she was arrested because she had an outstanding warrant, even though she was "on the way" to a rehabilitation program to "avoid jail time and vacate the warrant." (*Id.* at 5.) She alleges that the petit larceny charges were dismissed because "the prosecutor wasn't ready for trial" but that the "Manhattan judge wasn't so lenient" and sentenced her to state prison time. Finally, attorneys Gans and Fineman "failed to get [her] the Bx case #." (*Id.* at 6.) With respect to demonstrating diversity of citizenship jurisdiction, Plaintiff reiterates that she is a citizen of the State of New York.

## DISCUSSION

In her amended complaint, Plaintiff names the same defendants and alleges substantially similar facts as she did in the original complaint. The amended complaint does not cure the deficiencies identified in Court's January 6, 2025 order of dismissal. The Court therefore dismisses the amended complaint for same reasons that it dismissed the original complaint. That is, the Court dismisses the amended complaint as barred by the Eleventh Amendment and for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of [28 U.S.C.] § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*,

514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

The Court dismisses this action as barred by the Eleventh Amendment and for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:    April 16, 2025
          New York, New York

              /s/ Laura Taylor Swain
              LAURA TAYLOR SWAIN
              Chief United States District Judge